#### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK,

###### IN OCTOBER TERM, IN THE FORTIETH YEAR OF OUR INDEPENDENCE.

---

### HORTON AND WOODHULL *against* HICKS.

THE defendant having become insolvent, regularly assigned his property under the act, (sess. 36. ch. 98. 1 *N. R. L.* 460.) The plaintiffs, under the 22d section of the act. demanded of the assignee payment of the taxed bill of costs in this cause, which he refused. This section of the act directs, " that all costs of suit, prison and jail fees, and charges of proceeding under the act, to obtain the discharge of the insolvent, shall be first paid; and then deducting all such costs, charges, and expenses, as shall be necessarily laid out and expended by the assignee or assignees, together with his or their commissions," &c.; the residue shall be equally divided among the creditors, without preference. On the refusal of the assignee to pay the costs, the plaintiffs obtained an order from the recorder, directing the assignee to pay them.

*M'Coun,* for the assignee, now moved for a rule to vacate the order of the recorder. He contended, that the act did not

*The 22d section of the act giving relief in cases of insolvency, (1 N. R. L. 460. sess. 36. ch. 98.) directing all costs of suit to be first paid by the assignees, applies only to costs in suits brought by or against the assignee or assignees of the insolvent, and not to suits brought by creditors before the assignment.*

NEW-YORK,
Oct. 1815.

HORTON
v.
HICKS.

* 7 Johns. Rep.
874.

apply to suits brought by or against the insolvent, before the assignment or discharge; and he cited *Dey* v, *Lovett*.*

G. W. *Strong,* contra, relied on the words of the act, "that all costs of suit" should be first paid; which, he contended, included all suits against the insolvent; that the prosecuting creditor ought not to be placed in a worse situation than the other creditors, which would be the case if his costs were not paid.

*Per Curiam.* We decided, in the case of *Dey* v, *Lovett* and others, assignees of *Richards & Coit,* that the act did not extend to costs of suits instituted by the insolvent before his discharge; and, on the same principle of construction, it is equally clear, that it does not apply to suits brought by creditors against the insolvent before his assignment or discharge. The words of the act, " all costs of suit," mean only the costs of suits brought by or against the assignee or assignees of the insolvent. There is no reason or justice in giving the prosecuting creditor any advantage over the other creditors. The act does not intend to encourage suits against insolvents. Its object, in this section, is merely to indemnify the assignees for all the costs, charges, and expenses of all suits brought by or against them, or necessarily incurred by them in the execution of their trust.

Rule granted,